**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JESSICA R. WALKER, | : | Case No. 3:26-cv-111 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| DARKE COUNTY COURT OF | : | |
| COMMON PLEAS ADULT | : | |
| PROBATION, *et al.*, | : | |
| | : | |
| Respondents. | : | |

---

**ORDER**

---

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus.  Petitioner, a former inmate in state custody at the Dayton Correctional Institution and now on judicial release,[1] seeks to overturn her conviction and for release from supervision imposed as part of the judgment of a state court in a criminal action in Darke County, Ohio.  (*See* Doc. 1).  Petitioner has paid the required $5.00 filing fee.  (Doc. 3).  The case has been referred to the Undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's General Order 22-05.

**I.      ORDER FOR ANSWER**

This matter is first before the Undersigned for preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Upon preliminary review, the Undersigned finds that it does not plainly appear from the face of the Petition and publicly available records that Petitioner is not entitled to relief in this Court.  Accordingly, it is hereby **ORDERED** that Respondents shall file an answer conforming to the requirements of Rule 5 of

---

[1] *See* Ohio Department of Rehabilitation & Correction, Offender Search, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W111223.

the Rules Governing § 2254 Cases within **sixty (60) days** of the date of the filing of this Order. Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondents, and state whether, from Respondents' perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, Respondents shall file those portions of the state court record needed to adjudicate this case.  When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page.  All papers filed in the case thereafter by either party shall include record references to the PageID number.  Prior to filing the state court record, Respondents' counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.  The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system, which displays each exhibit and the name of that exhibit in the record.

As required by Rule 5 of the Federal Rules of Civil Procedure, a complete copy of the answer and state court record with the PageID numbers must be served on Petitioner at the time of filings.

Petitioner may, not later than **twenty-one (21) days** after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition on Respondents at the addresses provided below, and to the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@OhioAGO.gov and Habeas.docketclerk@OhioAGO.gov.

> **Darke County Common Pleas Court**
> c/o Darke County Judge and Adult Probation Dept.

> 504 South Broadway
> Second Floor
> Greenville, Ohio 45331
>
> **Darke County Prosecutor's Office**
> c/o Darke County Prosecutor James Bennett[2]
> 504 South Broadway
> Third Floor
> Greenville, OH 45331

Petitioner is **ADVISED** that she must keep this Court informed of her current address and promptly file a Notice of New Address if she is released or transferred.

## II.     PETITIONER'S MOTION TO OBTAIN ELECTRONIC FILING RIGHTS

This matter is also before the Court on Petitioner's "Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights" (Doc. 2). Petitioner seeks access to this Court's electronic filing system. *Id.* at PageID 33. Petitioner does not allege any issues in manually filing documents with the Court and she has not demonstrated a need to access the electronic filing system. Petitioner's Motion (Doc. 2) is therefore **DENIED without prejudice**. *See Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019) (noting that "the grant of electronic filing privileges is a privilege granted to pro se litigants in the discretion of this Court").

**IT IS SO ORDERED.**

April 14, 2026                                   *s/Peter B. Silvain, Jr.*
                                                  Peter B. Silvain, Jr.
                                                  United States Magistrate Judge

---

[2] *See* Darke County Ohio, County Offices, https://www.mydarkecounty.com/countyoffices.