**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JESSICA R. WALKER,<br><br>Petitioner,<br><br>vs.<br><br>DARKE COUNTY COURT OF COMMON PLEAS ADULT PROBATION, *et al.*,<br><br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-111<br><br>District Judge Thomas M. Rose<br>Magistrate Judge Peter B. Silvain, Jr. |

---

**SECOND ORDER FOR ANSWER**

---

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner, a former inmate in state custody at the Dayton Correctional Institution and now on judicial release,[1] seeks to overturn her conviction and for release from supervision imposed as part of the judgment of a state court in a criminal action in Darke County, Ohio. (*See* Doc. 1).

On April 14, 2026, the Undersigned ordered Respondents to file an answer conforming to the requirements under Rule 5 of the Rules Governing § 2254 Cases, giving a 60-day deadline to file the state court record and a Return of Writ. (Doc. 4). More than sixty days have passed, and Respondents have not answered or appeared before the Court.

Accordingly, it is hereby **ORDERED** that Respondents shall file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases **within thirty (30) days** of the date of the filing of this Order. Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondents, and state whether, from

---

[1] *See* Ohio Department of Rehabilitation & Correction, Offender Search for "Jessica Walker", https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W111223 (last visited Aug. 13, 2026).

Respondents' perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, Respondents shall file those portions of the state court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, Respondents' counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system, which displays each exhibit and the name of that exhibit in the record.

As required by Rule 5 of the Federal Rules of Civil Procedure, a complete copy of the answer and state court record with the PageID numbers must be served on Petitioner at the time of filings. Petitioner may, not later than **twenty-one (21) days** after the answer is filed, file and serve a reply to the answer. Petitioner is **ADVISED** that she must keep this Court informed of her current address and promptly file a Notice of New Address if her address changes.

The Clerk is again ordered to serve the Petition on Respondents at the addresses provided below, and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@OhioAGO.gov and Habeas.docketclerk@OhioAGO.gov.

**Darke County Common Pleas Court**
c/o Darke County Judge *and* Adult Probation Dept.
504 South Broadway
Second Floor
Greenville, Ohio 45331

**Darke County Prosecutor's Office**
c/o Darke County Prosecutor James Bennett[2]
504 South Broadway
Third Floor
Greenville, OH 45331

**IT IS SO ORDERED.**

September 1, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

[2] *See* Darke County Ohio, County Offices, https://www.mydarkecounty.com/countyoffices (last visited Aug. 13, 2026).